IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL CANTRELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:16-CV-1003-RP |
| | § | |
| MERCHANTS & PROFESSIONAL | § | |
| CREDIT BUREAU, INC., | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the Court in the above-entitled matter is Defendant Merchants & Professional Credit Bureau, Inc.'s Motion to Dismiss. (Dkt. 7). After reviewing the pleadings, relevant law, and the record in this case, the Court hereby issues the following Order.

### I. Background

On August 26, 2016, Plaintiff Michael Cantrell filed a Complaint against Defendant Merchants & Professional Credit Bureau, Inc. seeking damages pursuant to alleged violations of the Fair Debt Collections Practices Act. (Dkt. 4). Defendant received service of process on August 30, 2016. (Dkt. 6). Accordingly, Defendant's answer or otherwise responsive pleading was due on or before September 20, 2016. On September 19, 2016, the Court received a Motion to Dismiss submitted on Defendant's behalf by Pam Winslett, Defendant's executive vice president and chief operating officer. (Dkt. 7).

### II. Discussion

A corporation is not permitted to proceed pro se in federal court. *See Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201–02, 113 S. Ct. 716, 121 L. Ed.2d 656 (1993) (noting that it has been the law for almost two centuries that a corporation may only appear in federal court through licensed

counsel). 28 U.S.C. § 1654 provides that parties may choose to plead and conduct their own cases personally or through counsel, but it "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202. This is true even when the person seeking to represent the business is a president, major stockholder, or other person having a close association with the corporation or partnership. *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981); *Sw. Express Co., Inc. v. ICC*, 670 F.2d 53, 56 (5th Cir. 1982) (quoting *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 476 (1975) ("[T]he consistent interpretation of Section 1654 is that the only proper representative of a corporation or partnership is a licensed attorney . . . regardless of how close his association with the corporation or partnership."). When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims (if it is a plaintiff) or strike its defenses (if it is a defendant). *See Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984).

### III. Conclusion

For the reasons described above, the Court hereby **DENIES WITHOUT PREJUDICE** Defendant Merchants & Professional Credit Bureau, Inc.'s Motion to Dismiss, (Dkt. 7), and **ORDERS** Defendant to obtain legal counsel within twenty (20) days of the entry of this Order. The Court further **ORDERS** the District Clerk for the Western District of Texas to mail a copy of this Order to Defendant at the address indicated in the above-mentioned Motion to Dismiss.

**SIGNED** on September 20, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE